Sneed, J.,
delivered the opinion of the court.
The action was begun by the Railroad Company on the 21st of March, 1862, upon the covenants of ■Galbraith’s bond as depot agent, to recover a large deficit alleged to be due the Company from said agent upon account of his agency. Among other pleas the defendant below filed a plea of set-off, specifically setting forth a large indebtedness of the plaintiff to him. Upon a trial at the June Term, 1869, there was a verdict for the agent upon his plea of set-off for •$1,656.62, upon which judgment was rendered. In this verdict there was no finding at all for the plaintiff, and no response to the issues except the verdict for the defendant for the sum stated. Upon an ap--peal in error to this court the judgment was reversed upon the ground that the verdict ignored any cause of action by the plaintiff, and that in such case, according to the repeated rulings of this court in construing our statutes of set - off, the defendant could take nothing by his plea. 1 Heis., 482. The bill of exceptions before the court upon the first appeal contained ample evidence, notwithstanding the verdict that there were large mutual dealings between the parties, and this court being of opinion that it was a proper case of complicated account to be remanded for further proceeding. Under the statute the case was accordingly remanded. The statutes of set-off contain the following provision under which the case was then remanded: “ If the matter in issue upon the *173 pleadings are of complicated account, the court may direct a reference to the clerk, or a special commissioner, as in a court of chancery, allowing a trial by jury of any matters of fact arising upon such account, as in chancery cases.” Code, see. 2924. The case having been thus remanded, the matters in issue upon the plea of set-off were accordingly referred to the clerk, who took and stated an elaborate account, showing the existence of large mutual demands between the .parties, with a large balance in favor of defendant. Upon the coming in of this report the plaintiff filed exceptions to the same, alleging divers errors, and claiming large credits not allowed in the account. The plaintiff then abruptly dismissed its suit without invoking the action of the court upon the exceptions filed, and thereupon the defendant moved for judgment in his behalf for the excess so found by the account to be due him. This motion the court disallowed, and judgment was rendered for the defendant simply that he go hence and recover his costs. The defendant has appealed in error.
The defense of set-off is a creation of the statute, and under our earliest statute was defensive, and intended to defeat the action without more. By subsequent legislation it was made an aggressive defense, and assumed the nature of a cross action. Acts 1856, ch. 457; 1815, ch. 53. Under the first named act, if the plaintiff brought his action upon an honest demand against the defendant, and the latter could show that the plaintiff was indebted to him, if the demand set off by the defendant was equal in amount to that of *174 the plaintiff, it resulted in the defeat of the plaintiff, and if the demand of defendant was less in amount, the plaintiff was defeated pro tanto. The practical operation of this old statute so well accorded with the policy of the law in preventing a multiplicity of evils, that the law of set-off was gradually improved upon and amended until the plea has acquired the dignity of a cross action, and the defendant in the action often becomes the plaintiff, and is entitled to the rights pertaining to that action. Thus it was held by this court before we had any very specific statute upon the subject that it was a cross action, with a view to the recovery of a judgment against the adverse party, and the plaintiff cannot, by dismissing his suit, escape from the issue which he has voluntarily made. So soon as the plea of set-off is made exhibiting the defendant’s excess of demand, it becomes a cross action, and the party pleading is in fact plains tiff, and the other is defendant, however they may be named in the proceeding. Riley v. White, 3 Hum., 232; Edington v. Pickle, 1 Sneed, 124. The general statute provides that the plaintiff may, at any time before the jury retires, take a non-suit or dismiss bis action as to any one or more defendants, but with the important proviso that if the defendant has pleaded a set-off or counter claim, he may elect to proceed on said counter claim in the capacity of a plaintiff. Code, sec. 2964. But it is well settled that if the plaintiff have no debt against defendant, the latter can have no judgment for any thing against the plaintiff except the costs. There must be actual subsisting and *175 mutual debts between the parties to authorize the judgment of set-off in behalf of the defendant. If it K turn out that the plaintiff have no claim, at all, or that his demand be false, fabricated, or fraudulent, or such that the law will not enforce, then under the construction uniformly given to our statutes the defense of set-off, as far as a judgment for defendant is authorized, will not avail, however honest and bona fide the demand of the defendant may be. But this doctrine has no application where there are in fact mutual, actual, and subsisting accounts between the parties, and the demand of the plaintiff is simply absorbed and overreached by that of the defendant.
We hold that as the exceptions were not acted upon, it does not appear whether there was a subsisting demand on the part of the plaintiff against the defendant, and it was error to allow plaintiff to dismiss.
The judgment will be reversed and the cause remanded for action upon the exception, and for a trial by jury if demanded by either party upon any matter of fact developed in the account, and further proceedings in accordance with this opinion.